UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FRANCINE COLE, both individual
and as Co-Administrator for the
Estate of Annie L. Cole,

               **Plaintiff,**

v.

WELLS FARGO BANK, N.A.,
GWENDOLYN COLE-HOOVER, and
KEVIN TODD JOHNSON,

               **Defendants.**

Civ. No. 12-cv-1932 (KM)

**OPINION & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

    Now before the Court is plaintiff Francine Cole's appeal of Magistrate Judge Hammer's Order (Dkt. No. 81) denying her motion for recusal or disqualification. For the reasons set forth below, Cole's appeal of Magistrate Judge Hammer's Order is denied.

**I.    BACKGROUND**

    Francine Cole is a plaintiff in two actions that are, or were, before courts in this district. The subject matter of these actions is not closely related. The common denominator, for present purposes, is that Judge Hammer is the magistrate judge assigned to both cases.

<u>The Current Action</u>

    The action now before this Court grew out of a dispute between Cole and her sister, defendant Gwendolyn Cole-Hoover, regarding the sisters' inheritance from their mother. The plaintiff and defendant Cole-Hoover are co-administrators of their late mother's estate. (Complaint, Dkt. No. 1, ¶¶7-8) The estate includes a home in Morristown, New Jersey (the "Morristown" property). On November 22, 2006, Cole and Cole-Hoover took out a $125,000 home equity line of credit (the "credit line") on the Morristown home with defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The credit line was jointly held by Cole and Cole-Hoover; both could freely withdraw funds.

1

In 2009, Cole-Hoover began to take issue with how Cole had been spending the credit line funds. Sometime in October 2010, Cole alleges, Cole-Hoover granted power of attorney to her nephew, defendant Kevin Johnson. (Cole Dep. Tran.160-64) Pursuant to that authority, Johnson withdrew the remaining balance of the credit line, which was approximately $62,000. (*Id.*)

The plaintiff instituted this action against Cole-Hoover, Wells Faro, and Johnson on March 30, 2012 (the "Current Action"). The basis of her Complaint is that Cole-Hoover and Johnson contrived to fraudulently remove the credit line funds from the Wells Fargo account, and that Wells Fargo intentionally failed to stop them. The Complaint asserted diversity jurisdiction and was subsequently dismissed because Cole and Johnson were both New Jersey citizens. (Dkt. No. 8)

On May 10, 2012, Cole filed an Amended Complaint (Dkt. No. 14) asserting claims under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605 and the Truth in Lending Act, 15 U.S.C. 1666(a). The Amended Complaint also asserts common law claims for breach of contract, breach of fiduciary duty, common law fraud, conversion, conversion by undue influence, quiet title, unconscionable contract, consumer fraud, tortious interference with inheritance, and intentional infliction of emotional distress.

The Life Insurance Action

The plaintiff is also party to a life insurance action, *Cole v. Guardian Life Insurance Company*, Dkt. No. 11-cv-1026 (the "Life Insurance Action"), over which Judge Linares presided.[1]

That earlier action arose following the death of Cole's sister, Bevelyn Cole. (Because these two sisters share a surname, I will refer to her as "Bevelyn.") Cole believed that she was entitled to certain benefits under Bevelyn's life insurance policy with the Guardian Life Insurance Company ("GLIC"). On February 23, 2011, Cole brought suit pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq*, challenging GLIC's non-payment of an accidental death benefit following Bevelyn's death. GLIC moved for summary judgment on the basis that Cole did not have standing to bring suit under ERISA because she was neither a participant in, nor a beneficiary of, the insurance plan at issue.

Judge Linares found that Cole lacked standing and entered summary judgment in favor of GLIC. (Dkt. No. 72) Cole's subsequent motion for reconsideration was denied. (Dkt. No. 78) Cole appealed both decisions to the

---

[1] The docket entries cited in this subsection refer to the docket in *Cole v. Guardian Life Insurance Company*, Dkt. No. 11-cv-1026.

2

United States Court of Appeals for the Third Circuit, which affirmed the judgment of the district court. (Dkt. No. 82-2)

This Recusal Motion

On February 23, 2014, Cole moved for the recusal of Magistrate Judge Hammer from the Current Action. (Dkt. No. 80-3). Magistrate Judge Hammer denied the motion on April 21, 2014. (Dkt. No. 81). The plaintiff appealed that denial to this Court on May 5, 2014.

## II. LEGAL STANDARD

In general, a district court may reverse a magistrate judge's ruling on a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Cipollene v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948). I have elected, within my discretion, to give this particular determination more searching *de novo* review, because Cole challenges the impartiality of the decision maker.

## III. ANALYSIS

I nevertheless conclude that the appeal lacks merit, and I affirm the Magistrate Judge Hammer's order. Under 28 U.S.C. 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I find absolutely no indication that Magistrate Judge Hammer's impartiality might reasonably be questioned.

The basis for Cole's recusal motion is scattered throughout a 43 page, 204 paragraph certification. That certification details certain conspiracies which, Cole maintains, prevented her from obtaining relief in the Life Insurance Action. (*See* Dkt. No. 80-2) The majority of these allegations are not directed against Magistrate Judge Hammer, at least not in any straightforward way. The few allegations that relate to Judge Hammer directly may be summarized thus: GLIC, the defendant in the Life Insurance Action, was represented by the firm of McElroy, Deutsch, Mulvaney & Carpenter; Magistrate Judge Hammer was an associate at that firm from 1996 to 1998; Cole would have been able to prove her claim against GLIC if she had been given access to her deceased sister's "unaltered medical records"; Magistrate Judge Hammer "blocked this endeavor," and, in so doing, showed "blatant bias" against Cole and "in favor of his former law firm." (Dkt. No. 80-2, ¶¶ 55-56) The plaintiff further alleges that because Magistrate Judge Hammer replaced the first magistrate judge assigned

3

to the case after GLIC had retained McElroy, Deutsch, Mulvaney & Carpenter as counsel, it "appear[s] that judge shopping occurred." (*Id.* at ¶4) Cole adds that, in the Current Action, Magistrate Judge Hammer "allows [defendant] Johnson to participate in hearings on the telephone while my counsel must appear in person in court, clearly showing to Mr. Johnson that the court is protecting him due to outside influence and is not taking the matter seriously." (*Id.* at ¶185)

After reviewing the record I find no reason to question Magistrate Judge Hammer's impartiality.

First, Judge Hammer does not control which cases are reassigned to him. True, the case was originally assigned to Magistrate Judge Claire C. Cecchi. Cecchi, however, received her commission as a federal district judge on June 14, 2011. Magistrate Judge Hammer was sworn in as a magistrate judge on August 12, 2011. The case was reassigned to him on August 16, 2011.

Second, recusal is not warranted merely because one of the parties is represented by a judge's former law firm. *See, e.g., Cnty. of Hudson v. Janiszewski,* 351 Fed. App'x. 662, 668 (3d Cir. 2009); *Martin v. Monumental Life Ins. Co.,* 240 F.3d 223, 236 (3d Cir. 2001). *A fortiori,* recusal is unwarranted here where the firm in question represented a party in a former action, not the Current Action.

Third, Cole's allegation that Magistrate Judge Hammer showed favoritism toward defendant Johnson is both trivial and false. Counsel for all parties have been permitted to attend hearings telephonically; indeed, on at least one occasion, Cole's counsel was asked to initiate the call. (*See* Dkt. No. 37).

Magistrate Judge Hammer's decision not to recuse himself was not erroneous; indeed it might have been error to grant the recusal motion.

Cole is clearly displeased at Judge Linares's decision (not Magistrate Judge Hammer's decision) granting summary judgment to her adversary, GLIC, in the Life Insurance Action. That does not amount to grounds for recusal. *See SecuraComm Consulting Inc. v. SecuraCom, Inc.,* 224 F.3d 273 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

IV.   **CONCLUSION**

**IT IS THEREFORE** this 26th day of March 2015,

**ORDERED** that Cole's appeal of Magistrate Judge Hammer's order denying recusal (Dkt. No. 81) is **DENIED**.

_[signature]_
KEVIN MCNULTY, U.S.D.J.