## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **FRANCINE COLE,** *both individually and as Co-Administrator for the Estate of Annie L. Cole* | : : : : | Civil Action No. 12-1932 (KM) |
| **Plaintiff,** | : : | |
| v. | : : | **REPORT and RECOMMENDATION** |
| **WELLS FARGO BANK, N.A., et al.,** | : : | |
| **Defendants.** | : : | |

The Court, by Order filed on June 7, 2016 [D.E. 109], having required Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction after the District Court dismissed all claims on which federal jurisdiction was predicated;[1]

and Plaintiff having filed a response to the Order to Show Cause on July 25, 2016 [D.E. 113], which did not adequately address why this Court should retain jurisdiction over this matter;

and the Court having required Plaintiff to supplement her response to the Order to Show Cause to explain the basis for federal jurisdiction over the remaining claims [D.E. 114];

and Plaintiff having supplemented her response on August 31, 2016, and having argued that the Court should not dismiss this matter for lack of subject matter jurisdiction [D.E. 120];

and it appearing that when Plaintiff originally initiated this matter, subject matter jurisdiction in this matter was predicated on the federal causes of action Plaintiff plead against

---

[1] By Opinion and Order filed on March 30, 2016, the District Court granted summary judgment in favor of defendant Wells Fargo as to all claims against it. [D.E. 106, 107].

Defendant Wells Fargo, *i.e.*, violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and the Truth in Lending Act, 15 U.S.C. § 1666(a);

and it further appearing that Plaintiff's claims against defendants Kenneth Todd Johnson and Gwendolyn Cole Hoover are before this Court solely based on supplemental jurisdiction under 28 U.S.C. § 1367;[2]

and it appearing that under 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution";

and it further appearing that a district court may decline to exercise supplemental jurisdiction where the "district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c);

and it further appearing that where a court has dismissed all of the claims over which it had original jurisdiction, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an

---

[2] Diversity jurisdiction does not exist. According to the Amended Complaint, both Plaintiff and defendant Kenneth Todd Johnson are residents of the State of New Jersey. Amended Complaint, May 10, 2012, D.E. 14, ¶¶ 2, 5. Additionally, the District Court dismissed the only federal claims in this action when it granted summary judgment in favor of defendant Wells Fargo Bank, N.A. Plaintiff's claims against defendants Gwendolyn Cole Hoover and Kenneth Todd Johnson are purely state law causes of action. *Id.* at Count Two (breach of fiduciary duty), Count Three (common law fraud), Count Four (conversion), Count Five (conversion by undue influence), Count Nine (tortious interference), Count Ten (infliction of emotional distress). *See also* Opinion, March 30, 2016, D.E. 106, at 6 ("This Court has federal-question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Amended Complaint asserts a claim under two federal statutes, 12 U.S.C. § 2605 and 15 U.S.C. § 1666. Supplemental jurisdiction is asserted over the state law claims pursuant to 28 U.S.C. § 1367.").

affirmative justification for doing so," *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995));

and the Court finding that balancing of judicial economy, convenience and fairness to the parties weighs heavily against keeping this matter in federal court;[3]

**IT IS on this 4th day of January 2017,**

**RESPECTFULLY RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the remaining Defendants, Gwendolyn Cole- Hoover and Kevin Todd Johnson, and dismiss this case. The parties have

---

[3] Plaintiff asks this Court to exercise supplemental jurisdiction over the remaining claims largely because this case is more than four years old. However, the age of the case is not the sole factor in this balancing test. In the remaining claims, Plaintiff asserts that her sister and nephew improperly accessed proceeds of the Estate of Annie Cole and converted those assets to their own use. But as Plaintiff herself observes in her response to the Order to Show Cause, the resolution of the Estate of Annie Cole has been the subject of a state court matter that has been pending for more than fifteen years. Although the current status of that matter is unclear, the remaining claims in this case would appear to align much more closely with that litigation. Regardless of that state court action's status, what is left before this Court are purely state law claims brought by one sister against another, as well as the nephew of that other sister, concerning matters of administration of the Estate and its property, which have already been the subject of state court litigation. This federal court, with its constrained judicial resources, is not the right venue for the resolution of these remaining claims that could be taken up in the state courts of New Jersey. Moreover, given the overlap of issues between the present claims and the Estate litigation, resolution of the remaining claims in state court will avoid any possibility of inconsistent rulings and help preserve judicial resources.

Additionally, Plaintiff has not identified any prejudice she would suffer if the Court declines to exercise supplemental jurisdiction. Plaintiff contends that somehow, dismissal will allow defendant Kevin Todd Johnson to interfere with the Estate's business, but she fails to justify her premise that the state court would be unable to provide a lawful remedy. *See* Plaintiff's Memorandum, Aug. 31, 2016, D.E. 120, at 2-3. Moreover, concerns about administration of, and access to, the assets of the Estate and who should have it are better resolved in state court, whether in the Estate litigation or otherwise.

The Court also notes that Plaintiff will suffer no prejudice vis-à-vis any statutes of limitations if the Court declines to exercise supplemental jurisdiction. Section 1367(d) tolls the limitations period until thirty days after the federal court dismisses the claim. *See Hedges*, 204 F.3d at 123.

fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**