UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCINE COLE, both individual and as Co-Administrator for the Estate of Annie L. Cole, | Civ. No. 12-cv-1932 (KM) |
| Plaintiff, | OPINION |
| v. | |
| WELLS FARGO BANK, N.A., GWENDOLYN COLE-HOOVER, and KEVIN TODD JOHNSON, | |
| Defendants. | |

## KEVIN MCNULTY, U.S.D.J.:

Now before the Court is the Report and Recommendation ("R&R", ECF no. 121) of Magistrate Judge Michael A. Hammer that the action be dismissed for lack of subject matter jurisdiction, and plaintiff Francine Cole's objection to the R&R (ECF no. 122). For the reasons set forth below, the R&R is aadopted and affirmed, and the action is dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

This action grew out of a dispute between Francine Cole ("Cole") and her sister, defendant Gwendolyn Cole-Hoover ("Cole-Hoover"), regarding the sisters' inheritance from their mother. The plaintiff and defendant Hoover are co-administrators of their late mother's estate. (Complaint, Dkt. No. 1, ¶¶7-8) The estate includes a home in Morristown, New Jersey (the "Morristown" property). On November 22, 2006, Cole and Cole-Hoover took out a $125,000 home equity line of credit (the "credit line") on the Morristown home with defendant

1

Wells Fargo Bank, N.A. ("Wells Fargo"). The credit line was jointly held by Cole and Cole-Hoover; both could freely withdraw funds.

In 2009, Cole-Hoover began to take issue with how Cole had been spending the credit line funds. Sometime in October 2010, Cole alleges, Cole-Hoover granted power of attorney to her nephew, defendant Kevin Johnson ("Johnson"). Pursuant to that authority, Johnson withdrew the remaining balance of the credit line, which was approximately $62,000.

Cole instituted this action against Cole-Hoover, Wells Fargo, and Johnson on March 30, 2012. The basis of her Complaint was that Cole-Hoover and Johnson contrived to remove the credit line funds from the Wells Fargo account without authorization, and that Wells Fargo failed to stop them.

The Complaint, which contained ten counts, all asserting state-law causes of action, invoked this court's diversity jurisdiction under 28 U.S.C. § 1332(a). Then-Judge Faith S. Hochberg,[1] to whom the case was assigned, dismissed the case for lack of jurisdiction because Cole and Johnson were both New Jersey citizens. (ECF no. 8)

On May 10, 2012, Cole filed an Amended Complaint. (Dkt. No. 14) The Amended Complaint continued to assert ten state-law claims, but added Count 11, asserted against defendant Wells Fargo only. Count 11 compounded claims under both the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605 and the Truth in Lending Act ("TILA"), 15 U.S.C. 1666(a).

Eventually defendant Wells Fargo moved for summary judgment. I granted that motion by Order (ECF no. 107) and Opinion ("Op.", ECF no. 106). I determined that there was no evidence sufficient to raise a triable issue as to any of the state-law claims against Wells Fargo. Likewise, the evidence set forth neither a cause of action nor resulting damages under RESPA or TILA.

Jurisdictionally, this dismissal restored the status quo ante. The sole federal-law claim (Count 11) having been dismissed, this was once again a state law action between the plaintiff, Cole, and the defendants, Cole-Hoover

---

[1] Judge Hochberg retired from the bench in 2015.

and Johnson. As previously ruled, there is no basis for this Court to assert its diversity jurisdiction over that action. (ECF no. 8)

Magistrate Judge Michael A. Hammer filed an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF no. 109) Plaintiff Cole responded. (ECF no. 120)

On January 4, 2017, Magistrate Judge Hammer filed a Report and Recommendation ("R&R") that the action be dismissed for lack of subject matter jurisdiction. Plaintiff Cole responded with a filed objection. (ECF no. 122)

## II. DISCUSSION

My standard of review of a Magistrate Judge's recommendation of dismissal of a case is *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Loc. R. 72.1c(2).[2] I have reviewed the record of the case and examined anew the Magistrate Judge's decision. Finding myself in agreement with Judge Hammer's well-reasoned R&R, I adopt and affirm it, adding some procedural history and a few observations of my own.

Because complete diversity is lacking, the only possible basis for subject matter jurisdiction over the state-law claims is supplemental jurisdiction under 28 U.S.C. § 1367. That statute provides that "in any action over which the district courts have original jurisdiction, the district courts shall have

---

[2] "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). " 'De novo review' means the district court must consider the matter referred to a magistrate judge anew, as if it had not been heard before and as if no decision previously had been rendered." 12 Fed. Prac. & Proc. Civ. § 3070.2 (2d ed.). Upon conducting de novo review, the district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

*Mebuin v. United States*, No. CV13446JLLJAD, 2015 WL 5837654, at *3 (D.N.J. Oct. 11, 2015)

3

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, where a district court possesses federal-question jurisdiction over a federal-law claim, it may exercise jurisdiction over state-law claims that are so related as to be part of the same case or controversy.

Here, however, there is no claim remaining that is within the original jurisdiction of the court. As noted above, I granted Wells Fargo's motion for summary judgment and dismissed (*inter alia*) Count 11, the only federal-law claim in the Amended Complaint.

As things stand, then, the predicate for supplemental jurisdiction is lacking; there is no claim before the Court that gives rise to "original jurisdiction." The statute provides that the court may dismiss state-law claims where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, the United States Court of Appeals for the Third Circuit "has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); emphasis added by *Hedges*).

Judge Hammer properly cited and applied the appropriate legal standard. He analyzed whether there were any such "considerations of judicial economy, convenience, and fairness" sufficient to outweigh the usual rule that the court "must" dismiss such state law claims before trial. He concluded that no such considerations added up to an "affirmative justification" for retaining the state law claims in this Court. (R&R 2–3 & n.3, citing *Hedges, supra*; *Lancaster, supra*).

4

True, the case, although not near to being ready for trial, is was filed in 2012, a factor that would favor retention of the state claims, as Judge Hammer recognized. There are, however, additional factors pointing the other way.

The complaint is, at its heart, a dispute between two sisters over the estate of their mother, a dispute which also involves a nephew. As filed, it was patently jurisdictionally defective, in that it asserted only state-law claims between individuals who were not of diverse citizenship. When the Court dismissed the action, plaintiff amended the complaint by adding Count 11, a federal claim under RESPA and TILA, against Wells Fargo only. This afterthought claim, the merest jurisdictional toehold, turned out to lack any substance and was dismissed on summary judgment.

As Judge Hammer pointed out, state-court litigation over the Estate began some fifteen years ago. The essential dispute between these sisters is over distribution and/or waste of Estate assets. This action seems to be an attempt to get around adverse rulings in the state-court case by isolating a single issue involving alleged unauthorized access to a HELOC account at Wells Fargo (although, as I held in the prior Opinion, the evidence is that the account was one to which the sisters had joint rightful access). Litigation of the issues in this case will not advance the resolution of the parties' multifaceted dispute, which is primarily one for the court administering the Estate. Any discovery that has been obtained here is not wasted, but should prove equally useful in state court. In short, I agree with Judge Hammer that "considerations of judicial economy, convenience, and fairness" do not favor retention of these pure state-law claims.

I add, as did Judge Hammer, that no party will be prejudiced with respect to the statute of limitations. The statute itself provides that the

limitations period is tolled until thirty days after the federal court's dismissal of the state claims. 28 U.S.C. § 1367(d).[3]

## III. CONCLUSION

For the reasons stated by Judge Hammer and in this Opinion, the R&R (ECF no. 121) is adopted and affirmed, and the plaintiff's objection (ECF no. 122) is rejected. This action is dismissed in its entirety for lack of federal subject matter jurisdiction. An appropriate order accompanies this Opinion.

Dated: January 22, 2018

KEVIN MCNULTY, U.S.D.J.

---

[3] Just today, the U.S. Supreme Court clarified that tolling, in this context, means "suspension." It interpreted 28 U.S.C. § 1367(d) as a "stop-the-clock" provision. The underlying limitations period stops running when the federal action is filed, and the unexpired portion begins running again when period of tolling period ends. *See Artis v. District of Columbia*, No. 16-640 (U.S. Sup. Ct. Jan. 22, 2018).

6