**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANCINE COLE, both individual and as Co-Administrator for the Estate of Annie L. Cole,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A., GWENDOLYN COLE-HOOVER, and KEVIN TODD JOHNSON,**<br><br>Defendants. | Civ. No. 12-cv-1932 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the motion of the plaintiff for reconsideration of the Order (ECF no. 124) and Amended Opinion (ECF no. 125) adoption the Report and Recommendation ("R&R", ECF no. 121) of Magistrate Judge Michael A. Hammer dismissing the action for lack of subject matter jurisdiction.

The standards governing a motion for reconsideration are well settled. See generally D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i)

requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Plaintiff argues that there is "manifest injustice" in the Court's exercise of its discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367. He cites the delay in the state court case and states that a ruling by this court may "expedite" matters in the foreclosure action brought by Wells Fargo. This was, however, a discretionary decision by this court. This case, as noted, is a dispute between two sisters over the estate of their mother, a dispute which also involves a nephew. That can only be finally settled in the state court litigation(s), not *via* a collateral action for damages by one sister against another, involving a single aspect of that sprawling dispute. That a federal decision might "expedite" matters in a long-pending state case is not a sufficient basis for this Court to hear a pure state-law case.

## CONCLUSION

For the reasons expressed in my prior Opinion and Judge Hammer's R&R, the motion for reconsideration is denied. An appropriate order accompanies this Opinion.

Dated: June 11, 2018

KEVIN MCNULTY, U.S.D.J.